UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAQUISHA DEMMINGS,

Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:10-cv-468

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION**[1]

---

On August 11, 2011, Judge Rose granted the parties' joint motion for a Sentence Four remand, reversed the Commissioner's non-disability finding, and remanded this case for further proceedings. Doc. 11. This case is back before the undersigned on a motion by Plaintiff's counsel for an award of attorney's fees under the Social Security Act.[2] Doc. 15. Plaintiff's counsel requests a 25% contingency fee award in the amount of $9,492.00. *Id*. at PageID 608.

In support of the motion, counsel attaches a contingency fee agreement executed by Plaintiff. Doc. 15-2. In addition, counsel attaches a number of cases from this Court approving attorney's fees in counsel's favor in circumstances similar to those presented here. *See, e.g.*, *Pencil v. Astrue*, No. 3:10-cv-394, 2012 WL 4364273, at *2 (S.D. Ohio Sept. 24, 2012). Counsel

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] 42 U.S.C. § 406(b) permits an award of attorney's fees for successful Disability Insurance Benefits ("DIB") claims under Title II of the Social Security Act. Supplemental Security Income ("SSI") benefits are awardable pursuant to Title XVI of the Social Security Act, which incorporates 42 U.S.C. § 406(b) by reference, and likewise permits the award of attorney's fees for successful SSI claims. *See* 42 U.S.C. § 1383(d)(2); *Napier v. Comm'r of Soc. Sec.*, 190 F. App'x 458, 459-60 (6th Cir. 2006). The same analysis applies in deciding motions for attorney's fees under both statutes. *See id.*

also submits a copy of the Commissioner's award letter informing Plaintiff that he will receive $37,084.00 in past-due benefits. Doc. 15-4 at PageID 116. The Commissioner, in response to the motion, "does not oppose Plaintiff's attorney's request[.]" Doc. 16 at PageID 145-46. The undersigned has carefully considered each of the forgoing documents, and the fees motion is now ripe for decision.

**I.**

In DIB and SSI cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. §§ 402(b)(1), 1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id*. Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, counsel's itemized billing statement sets forth a total of 17.5 hours representing Plaintiff before this Court. *See* doc. 18-1. Counsel's requested fee of $9,492.00, divided by the 17.5 hours spent working on the case, results in a hypothetical hourly rate of $542.40. With regard to counsel in this case, this Court has previously approved a hypothetical hourly rate of $546.32 "based on [his] skill and experience[.]" *Pencil*, 2012 WL 4364273, at *1; *see also Kitchen v. Comm'r of Soc. Sec.*, No. 3:09-cv-193, 2013 WL 1149609, at *1 (S.D. Ohio Mar. 19, 2013) (approving a § 406(b) hourly rate of $548.60).

Based on the foregoing, the undersigned finds that the $542.40 hourly fee at issue here is reasonable. Moreover, no allegations of improper conduct, ineffectiveness, or an insufficient effort by counsel are present. Quite the contrary: the record reveals that counsel, an experienced Social Security practitioner, diligently and zealously worked on behalf of Plaintiff, and did so in a timely fashion. In light of counsel's extensive experience in these matters, the fee sought does not result in an undeserved windfall. *See id*.

**II.**

Accordingly, the undersigned **RECOMMENDS THAT:**

1. Plaintiff's motion for attorney's fees under the Social Security Act (doc. 15) be **GRANTED**;

2. Plaintiff's counsel be **AWARDED** the sum of $9,492.00 in attorney's fees; and

3. As no further matters are pending for review, this case remains **TERMINATED** upon the Court's docket.

Date: October 20, 2014

*s/ Michael J. Newman*
Michael J. Newman
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).